**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4924**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERDANDINO DELGADO-ESCOBAR, a/k/a Pumba,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:18-cr-00216-PX-2)

Submitted: September 15, 2020                    Decided: September 29, 2020

Before GREGORY, Chief Judge, WILKINSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland, for Appellant. Jason Daniel Medinger, Assistant United States Attorney, Baltimore, Maryland, William Moomau, Assistant United States Attorney, Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerdandino Delgado-Escobar appeals his jury conviction for conspiracy to interfere with interstate commerce by extortion in violation of 18 U.S.C. § 1951(a). On appeal, his attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court erred in denying his motion in limine regarding gang expert testimony but concluding there are no meritorious grounds for appeal. Delgado-Escobar was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a district court's evidentiary rulings for an abuse of discretion, and will only overturn a ruling that is arbitrary and irrational. *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (citation omitted). "Assessing the probative value of common membership in any particular group, and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403." *United States v. Abel*, 469 U.S. 45, 54 (1984). "Rule 403 states that a district 'court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence.'" *United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) (quoting Fed. R. Evid. 403).

We have reviewed the record and conclude that the district court did not abuse its discretion in denying Delgado-Escobar's motion in limine. "[G]ang-related evidence may be admitted 'to demonstrate the existence of a joint venture or conspiracy and a relationship among its members.'" *United States v. King*, 627 F.3d 641, 649 (7th Cir. 2010) (citation omitted). The disputed evidence concerned the crime charged, and the district court limited

2

it to relevant issues and ensured that its probative value was not outweighed by unfair prejudice. *See id*. at 650; *cf. United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995).

In accordance with *Anders*, we have reviewed the record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*